# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-31019
Summary Calendar
_____

THINH TRAN,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2924-T
---------------------
December 19, 2000

Before DAVIS, JONES, and DeMOSS, CIRCUIT JUDGES.

PER CURIAM:[*]

Trinh Tran, a Louisiana prisoner (# 295395), appeals from the denial of his 28 U.S.C. § 2254 habeas corpus petition. On February 15, 2000, this court granted him a certificate of appealability ("COA") with respect to the issues (a) whether the trial court erred in denying his motion to quash in-court identifications by two victims, which were allegedly based on tainted out-of-court identifications, and (b) whether the evidence was insufficient to support his conviction of the armed robbery of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a third victim, Duc Lee, who was not able to identify him at trial as the robber.

Tran has not shown that the admission of the in-court identifications by victims Kieu Nguyen and Tu Dao violated his due-process rights, even though their pretrial photographic identifications of him had been suppressed because the taking of Tran's photograph had violated his Fourth Amendment rights. There has been neither a state-court finding that the pretrial identification was "impermissibly suggestive," nor even an explicit argument by Tran regarding the suggestiveness of that identification. *See* Simmons v. United States, 390 U.S. 377, 384 (1968); Manson v. Brathwaite, 432 U.S. 98, 114 (1977). Accordingly, the admission of the in-court identifications does not implicate the Due Process Clause. *See* United States v. Smith, 546 F.2d 1275, 1281 (5th Cir. 1977) ("[o]nly if the photographic spread is found to be impermissibly suggestive is the district court in a position to consider whether it created a substantial risk of misidentification"). Tran has not demonstrated that the state courts' resolution of the identification issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

Tran also has not made such a showing as to his contention that the evidence was insufficient to establish that he committed the armed robbery of Duc Lee. Although Lee could not identify Tran as the robber, the identifications by Nguyen and Dao,

who were also present, were more than sufficient to establish Tran's identity.

The judgment of the district court is **AFFIRMED**.